# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PETER LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:21-cv-0013 |
| ) | |
| BEAU LEE TIFFANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Peter James Lynch, Esq.**
Flag Law VI
Fuller & Lynch Advocacy Group, PLLC
St. Thomas, U.S.V.I.
    *Pro se,*

**Lee J. Rohn, Esq.**
**Jennifer Sue Koockogey, Esq.**
Lee J. Rohn and Associates
St. Croix, U.S.V.I.
    *For Defendant Beau Lee Tiffany.*

## ORDER

**BEFORE THE COURT** is Defendant Beau Tiffany's ("Tiffany") motion to dismiss for lack of subject matter jurisdiction. (ECF No. 40.) For the reasons set forth herein, the Court will grant Defendant's motion.

This matter stems from a previous lawsuit, *Tiffany v. Sugar Bay Club & Resort Corp.*, Case No. 3:16-cv-00073 ("the personal injury case"), wherein Plaintiff Peter Lynch, Esq. ("Lynch") represented Tiffany in a personal injury matter. *See* ECF No. 1, at 7-8. The parties in the personal injury case reached a settlement on December 15, 2017. *Id.* at 8.

On February 5, 2021, Lynch filed his complaint in this matter alleging that in the time following the settlement of the personal injury case, Tiffany has not cooperated in satisfying any

Medicaid liens incurred in the treatment of the injury which formed the basis of the personal injury case. *See generally* ECF No. 1. Lynch now seeks declaratory judgment stating that Tiffany must pay his Medicaid liens incurred in a related matter and an injunction forcing Tiffany to do the same. *See generally* ECF No. 1.

On July 7, 2021, Tiffany, through new counsel, filed the instant motion to dismiss for lack of subject matter jurisdiction. (ECF No. 39.) Tiffany argues, *inter alia*, that federal question jurisdiction does not exist in this case, and therefore it must be dismissed. *See generally* ECF No. 40.

On August 2, 2021, Lynch opposed Tiffany's motion. (ECF No. 56). In his opposition, Lynch cites the Centers for Medicare and Medicaid Services ("CMS") right of recovery from parties who receive third party payments and his obligations under Virgin Islands Rule of Professional Conduct 211.1.15(e) as his sole substantive bases in opposition to dismissal. *See* ECF No. 56, at 2-3. Lynch further characterizes Tiffany's discussion of intertwined declaratory and injunctive relief as a "nonsensical conundrum." *Id.* at 3. The Court disagrees.

Lynch pleads jurisdiction in this matter as federal question jurisdiction pursuant to 28 U.S.C. § 1331, claiming that the issue presented concerns Medicaid liens and is governed by 42 U.S.C. § 1396k(a)(1). ECF No. 1, at 7. Section 1331 states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"A mere incidental or collateral federal question may appear, or may lurk in the background of the record, but this is not a sufficient or adequate basis upon which federal jurisdiction may attach." *Warrington Sewer Co. v. Tracy*, 463 F.2d 771, 772 (3d Cir. 1972) (quoting *Screven Cnty. v. Brier Creek Hunting & Fishing Club*, 202 F.2d 369, 370 (5th Cir. 1953), *cert. den.* 345 U.S. 994). The test for determining whether a complaint presents a federal question is:

> [W]hether the complaint is for a remedy expressly granted by an act of Congress or otherwise 'inferred' from federal law, or whether a properly pleaded 'state created' claim itself presents a 'pivotal question of federal law,' for example because an act of Congress must be construed or "federal common law" govern[s] some disputed aspect' of the claim."

*Id.* (quoting *Ivy Broadcasting Co. v. American Tel. & Tel. Co.*, 391 F.2d 486, 489 (2d Cir. 1968)).

"The federal question must appear on 'the face of the complaint,' which means that 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'" *Exxon Corp. v. Hunt*, 683 F.2d 69, 72 (3d Cir. 1982) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936)) (collecting cases). "[A] declaratory judgment complaint does not state a cause of action arising under federal law when the federal issue is in the nature of a defense to a state law claim." *Exxon,* 683 F.2d at 73. The same holds true for Lynch's requested injunctive relief.[1]

In *Exxon*, plaintiff Exxon Corp. ("Exxon") sought declaratory judgment that a federal statute exempted them from a state tax. *Id.* at 70. Exxon further sought a refund of taxes collected by New Jersey under the Spill Compensation and Control Act, N.J. Stat. Ann. § 58:10-23.11 *et seq*. *Id.* Exxon pled that the district court had jurisdiction pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("the Superfund Act"), 42 U.S.C. § 9601 *et seq*, which provides that "the United States district courts shall have exclusive jurisdiction over all controversies arising under this Act." *Id.* at 71 (quoting 42 U.S.C. § 9613(b)). The Third Circuit ultimately held that Exxon's invocation of the Superfund Act was little more than an attempt "to establish what is in effect a federal defense to a purely state law enforcement action." *Id*. at 73.

As in *Exxon*, such is the case here. This cause of action fundamentally arises from a dispute over Interest on Lawyers' Trust Account ("IOLTA") funds between Lynch, Tiffany, and Tiffany's new attorney. Such disputes are properly resolved under state law. *See In re Community Bank of Northern Virginia Mort. Lending Practices Litigation*, 811 F.3d 666, 672 n.6 (3d Cir. 2018) (citing *Schwab v. H.J. Heinz Co.*, Civ. No. 11-6463 (KM), 2015 WL 13236643, at *4 (D.N.J. Nov. 6, 2015) ("This is a dispute between attorneys only.... Nor is [the attorney] trying to either vacate or enforce the settlement. Rather, [the attorney] as a third party is asserting a claim against a fee that presumably

---

[1] "When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims. If the legal claims are independent, the court has a 'virtually unflagging obligation' to hear those claims, subject of course to *Colorado River*'s exceptional circumstances. If the legal claims are dependent on the declaratory claims, however, the court retains discretion to decline jurisdiction of the entire action... ." *Rarick v. Federated Serv. Ins. Co.*, 852 F.3d 223, 229 (3d Cir. 2017) (quoting *Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817–19 (1976)). Here, Lynch pleads two causes of action: declaratory judgment that Tiffany is obligated to pay his Medicaid liens, and a second cause for an injunction forcing Tiffany to pay his Medicaid liens. The injunctive claim is necessarily dependent on the declaratory claim. If Tiffany has no legal obligation to pay his Medicaid liens, then the Court cannot force him to do so. Therefore, the Court considers these claims in unison.

is in the hands of another attorney.... Such a dispute between non-parties to the underlying action bears a tenuous relation to the underlying action. Analysis of the merits of such a claim would involve contract law and the law of attorney and client; neither the fact-finding nor the legal analysis would have much to do with the merits of the underlying products liability action. In short, this is a poor candidate for the court's discretionary exercise of ancillary jurisdiction. This is a state-law dispute between attorneys that should be pursued, if anywhere, in state court." (citing *Barreto v. Reed*, No. CIV. A. 93-2811, 1994 WL 396425, at *1 (E.D. Pa. July 28, 1994) (declining to exercise ancillary jurisdiction over a dispute between attorneys where dispute did not arise from transaction at issue in the underlying action, court would have to engage in new fact-finding, and state proceedings would determine the attorney's respective rights and obligations) ) ) ).

The fact that Tiffany is a Medicaid recipient is merely incidental, and there is no dispute that Tiffany is required to pay his Medicaid liens with his settlement funds. *See* ECF No. 40, at 9-10. Lynch's invocation of his obligations with regard to Tiffany's Medicaid liens is little more than a justification as to why the funds have not been transferred. Put differently, Lynch invokes 42 U.S.C. § 1396k(a)(1) merely "to establish what is in effect a federal defense to a purely state law enforcement action." *Exxon,* 683 F.2d at 73.

The Court will therefore dismiss this action for lack of subject-matter jurisdiction.

The premises considered, it is hereby

**ORDERED** that Tiffany's motion to dismiss, ECF No. 40, is **GRANTED.** It is further

**ORDERED** that this matter is **DISMISSED.** It is further

**ORDERED** that all pending motions, ECF Nos. 9, 58, 75, 81, and 89 are **MOOT** as the Court finds it does not have subject matter jurisdiction in this matter. And it is further

**ORDERED** that this case is **CLOSED**.

**Dated:** February 7, 2022              */s/ Robert A. Molloy*
                        **ROBERT A. MOLLOY**
                        **Chief Judge**