## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **PETER JAMES LYNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:21-cv-0013** |
| | ) | |
| **BEAU TIFFANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

**BEFORE THE COURT** is Defendant's Motion for an Award of Costs and Fees, filed on February 22, 2022. (ECF No. 91.) Plaintiff filed an opposition on March 3, 2022, and Defendant filed a reply thereto on March 7, 2022. For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

Plaintiff commenced this action seeking a declaratory judgment that Defendant is obligated to determine and to pay valid medical liens from his personal injury settlement funds. Plaintiff alleged that he successfully represented Defendant in the personal injury case in this court, which settled on February 8, 2018. According to Plaintiff, Defendant refused to cooperate with Plaintiff in his efforts to resolve the amount of Defendant's medical liens, and to pay any amounts deemed to be owed.  Defendant engaged new counsel and attempted to impose a pre-condition that Plaintiff pay settlement funds to Defendant's new counsel's trust account. Plaintiff alleged that he filed a motion concerning this issue before the Virgin Islands Superior Court.

Before the motion was resolved, the Virgin Islands Supreme Court's Office of Disciplinary Counsel directed Plaintiff to pay funds from the personal injury settlement to Defendant. Plaintiff complied, issuing a check from the Interest on Lawyers Trust Accounts account to Defendant for a sum certain. Plaintiff sent a substitution of counsel form for execution to Defendant and his new counsel, but Defendant's counsel refused to sign the form or take Defendant's medical liens until the funds were paid to her trust account. Plaintiff

holds the remainder of the Defendant's personal injury settlement funds in trust pending resolution of the medical liens issue that Defendant raised in counterclaims in the Virgin Islands Superior Court fee dispute action in which he accused Plaintiff of conversion of the settlement funds. Defendant's motion to dismiss this action for lack of subject matter jurisdiction was granted. (ECF No. 90).

Defendant seeks an award of costs and fees pursuant to Federal Rule of Civil Procedure 54(d) in the amount of $23,135.00 for 66.1 hours of work at an hourly rate of $350.00. Plaintiff's motion is supported by an affirmation of Defendant's attorney, Jennifer S. Koockogey-Lajoie, who has over fifteen years of experience as a litigation attorney and submitted itemized listing describing the hours expended and the services provided.

Plaintiff opposes the motion, arguing it is untimely and legally unsupported because Defendant is not a prevailing party since the action was dismissed for lack of subject matter jurisdiction, not on the merits, relying on the standard articulated in *NAACP v. Wilmington Med. Ctr., Inc.,* 689 F.2d 1161, 1167 (3d Cir. 1982). In reply, Defendant argues that the February 22, 2022 motion is timely because February 21, 2022, when it was due, was a federal holiday, and Defendant is the prevailing party because Defendant's motion to dismiss was granted.

## II. DISCUSSION

"Unless a federal statute, these rules, or a court order provides otherwise, costs-- other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). In reviewing the definition of the prevailing party for the purpose of awarding attorney's fees under various federal statutes, the Supreme Court explained that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.,* 532 U.S. 598, 604 (2001). "In awarding attorneys' fees, the district judge is empowered to exercise his informed discretion, and any successful challenge to his determination must show that the judge abused that discretion." *Lindy Bros. Builders of Phila. v. Am. Radiator & Standard Sanitary Corp.,* 487 F.2d 161, 166 (3d Cir. 1973).

Defendant invoked Federal Rule of Civil Procedure 54(d) as the basis for the motion, without arguing that Defendant is a prevailing party or citing any legal authority to support the proposition that Defendant is a prevailing party for the purpose of Federal Rule of Civil Procedure 54(d) where, as here, dismissal was without prejudice for lack of subject matter jurisdiction. In reply, Defendant invokes the Virgin Islands Code, 5 V.I.C. § 541(b), asserting that "Virgin Island[s] District Court has routinely awarded attorney's fees and costs to the prevailing party when the Court granted motions to dismiss for lack of subject matter jurisdiction. *Four Winds Plaza Corp. v. Caribbean Fire & Assocs, Inc.*, [2008] WL 441959, at *1, D.V.I. February 9, 2008." (ECF No. 93, at 2.) However, in *Four Winds Plaza Corp..* Defendant Caribbean Fire's motion for attorney's fee was based on the Virgin Islands Code, not mentioned in the Defendant's motion. *Four Winds Plaza Corp.*, 2008 WL 441959, at *1. Although in that case the court awarded the fees to Defendant Caribbean Fire, it did not make a finding that Caribbean Fire was a prevailing party or cited to any legal authority in support of such finding; the court merely stated that it granted Caribbean Fire's motion to dismiss for lack of jurisdiction and proceeded to analyze a fair and reasonable amount of attorney's fees. *Id.*

Unlike in *Four Winds Plaza Corp.*, Plaintiff challenges Defendant's prevailing party status, which Defendant did not assert in the motion, invoking *NAACP* in which the court stated: "The standard used in this circuit for determining a plaintiff's prevailing party status is whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." 689 F.2d at 1167*.* That standard is consistent with the Supreme Court's definition of the prevailing party articulated in *Buckhannon Bd. & Care Home, Inc.*, requiring "the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* at 604. No material alteration of legal relationship of the parties occurred here, where involuntary dismissal without prejudice was due to lack of subject matter jurisdiction. *See Oscar v. Alaska Dep't of Educ. & Early Dev.,* 541 F.3d 978, 981 (9th Cir. 2008) ("[D]ismissal without prejudice does not alter the legal relationship of the parties because the defendant

*Lynch v. Tiffany*
Case No. 3:21-cv-0013
Order
Page 4 of 4

remains subject to the risk of re-filing."). The Court finds that dismissal without prejudice for lack of subject matter jurisdiction did not confer prevailing party status upon Defendant.[1]

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that Defendant's Motion for an Award of Costs and Fees, ECF No. 91, is **DENIED.**

**Dated:** September 20, 2022                    */s/ Robert A. Molloy*
                                                 **ROBERT A. MOLLOY**
                                                 **Chief Judge**

---

[1] It appears as well that Plaintiff received part of the result he was seeking in commencing this litigation. Plaintiff filed this lawsuit seeking, among others, written proof from all medical lienholders of the agreed final lien result . . ." (ECF 92, at 3-4.) In his opposition brief, Plaintiff contends that "he successfully obtained an agreement from Defendant . . . requiring Defendant to obtain and produce to Plaintiff the medical lienholders final claimed lien amounts." *Id.* at 4. Plaintiff asserts that "[o]n October 14, 2021, Defendant did produce to Plaintiff the requested claims of liens." *Id.* Defendant does not dispute this. This series of events serves as another basis to deny Defendant's argument that she was a prevailing party in this litigation that would warrant an award of fees and costs.